## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

Civil Action No. 2:22-cv-00761

JUSTIN FINLEY,

      Plaintiff,

v.

MOLLIE LLC, doing business as UOWN LEASING,

      Defendant.

_____/

## **COMPLAINT**

**NOW COMES** Justin Finley ("Plaintiff"), by and through his undersigned counsel, complaining of Defendant, MOLLIE LLC, doing business as, UOWN LEASING ("Defendant") as follows:

## **NATURE OF ACTION**

1.     This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.*

1

## PARTIES

**2.** Plaintiff is a natural person, over 18 years-of-age, who at all times relevant resided in Arcadia, Florida.

**3.** Plaintiff is a "person[s]" as defined by 47 U.S.C. § 153(39).

**4.** Plaintiff is a "consumer[s]" as defined by Fla. Stat. § 559.55(8).

**5.** Defendant is a Florida corporation with its principal place of business located at 10500 University Center Dr., Suite 140, Tampa, Florida 33612. Defendant offers lease-to-own payment options to assist consumers in obtaining merchandise from merchants using the mail and telephone, to contact consumers in the State of Florida.

**6.** Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**7.** Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

**8.** Prior to the events giving rise to this action, Plaintiff applied and obtained financing for vehicle tires that he purchased ("Subject debt").

**9.** Unfortunately, Plaintiff was unable to sustain timely payments toward the subject debt and amassed a balance of $1,286.97.

10.     In or around October 2022, Defendant began placing telephone calls to Plaintiff's cellular telephone ending in 6725.

11.     At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6725. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12.     On October 26, 2022, Plaintiff emailed Defendant requesting that all text messages, emails, mail and telephone calls cease entirely.

13.     On October 28, 2022, Defendant's representative, Jill Villavicencio, responded to Plaintiff's email stating that they have updated his account to cease all phone calls, texts, and emails regarding the subject debt.

14.     Unfortunately, Defendant continued to place numerous unwanted telephone calls to Plaintiff's cellular phone attempting to collect the subject debt.

15.     Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from October 26, 2022 through the present day without his consent.

**16.**    Defendant continued placing harassing collections calls to Plaintiff, including calls from the phone number, (877) 375-5474, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent

**17.**    In total, Defendant placed numerous harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease all communication with him.

## DAMAGES

**18.**    Defendant's harassing phone calls and text messages have severely disrupted Plaintiff's everyday life and overall well-being.

**19.**    Defendant's harassing calls, text messages, and pre-recorded messages have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as

4

a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

20.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

21.     Respondent repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Claimant's cellular telephone number using an automatic telephone dialing system ("ATDS") without Claimant's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22.     The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

23.     Upon information and belief, based on the noticeable pause Claimant experienced during answered calls, Respondent used an ATDS to place calls to Claimant's cellular telephone.

24.     Respondent violated the TCPA by placing numerous phone calls to Claimant's cellular telephone using an ATDS without his consent.

25.     Any prior consent, if any, was revoked by Claimant on October 26, 2022 via email to Defendant.

26.     As pled above, Claimant was harmed by Respondent's collection calls to his cellular phone.

27.     Respondent has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

28.     Upon information and belief, Respondent knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Claimant's expense.

29.     Respondent, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the

scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Justin Finley, request the following relief:

A.   a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.   an award of statutory damages of at least $500.00 for each and every violation;

C.   an award of treble damages of up to $1,500.00 for each and every violation; and

D.   an award of such other relief as this Court deems just and proper.

## <u>COUNT II</u>
### Violations of the Florida Consumer Collection Practices Act
### (Fla. Stat. § 559.55 *et seq*.)

**30.**   Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

(7)   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Fla. Stat. § 559.72(7).

7

**31.**    Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that all communications from Defendant cease.

**32.**    Defendant's incessant collection calls were placed with the intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

**33.**    Plaintiff was harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiff, Justin Finley, request that this Honorable Court enter judgment in his favor as follows:

A.    a finding that Defendant violated Fla. Stat. § 559.72(7);

B.    an award of actual damages sustained by Plaintiffs as a result of Defendant's violations;

C.    an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of court costs and reasonable attorney's fees incurred by Plaintiffs; and

E.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Date: November 30, 2022                 Respectfully submitted,

                                        **JUSTIN FINLEY**

                                        **s/ Alexander J. Taylor**
                                        Alexander James Taylor, Esq.
                                        Florida Bar No. 1013947
                                        *Counsel for Plaintiffs*
                                        **Sulaiman Law Group, Ltd.**
                                        2500 S. Highland Ave., Ste 200
                                        Lombard, IL 60148
                                        Telephone: (630) 575-8181
                                        ataylor@sulaimanlaw.com